Robert L. COYNER and Lorraine Coyner, His Wife, Appellants,

v.

John H. BINGLER, District Director of Internal Revenue.

No. 15006.

United States Court of Appeals
Third Circuit.

Argued Feb. 19, 1965.

Decided April 28, 1965.

James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, Pa., for appellants.

Stephen Paley, Department of Justice, Tax Div., Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Department of Justice, Washington, D. C., Gustave Diamond, U. S. Atty., David G. Hill, Asst. U. S. Atty., of counsel, on the brief), for appellee.

David W. Craig, City Sol., Regis C. Nairn, Asst. City Sol., Pittsburgh, Pa., for City of Pittsburgh, Intervenor, amicus curiae.

Before KALODNER and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

## KIRKPATRICK, District Judge.

This is an appeal from a judgment of the United States District Court denying recovery in an action brought by a husband and wife, taxpayers, for refund of income taxes. The question involved is whether an employee of a municipality who voluntarily takes on extra duties at the request of his employer, receiving therefor free occupancy of a house on his employer's premises, may exclude the value of such occupancy from his return of gross income.

The governing statute is Section 119 of the Internal Revenue Code of 1954 which provides as follows:

"There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

" *  *  *

"(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. *  *  *"

Robert Coyner, the husband taxpayer, was, during the year 1960, employed by the City of Pittsburgh, Department of Parks and Recreation, as a park foreman, his duties being to direct the field crew in the work of maintaining playgrounds, parklets, recreation centers, and parks. Prior to that year he had been first a tree surgeon and then a nursery foreman, assistant to the city forester, all in the employ of the city. The additional duties (which he had assumed in 1958 and was performing in 1960) were those of a resident caretaker of what was known as the King house, a building the first floor of which was made use of by a number of organizations and which was a sort of cultural center. Under the arrangement, Coyner continued to receive his salary and maintain his position as a park foreman, getting nothing other than free occupancy of an apartment in the building as consideration for looking after it. He was under no compulsion of any kind to accept his additional duties or to occupy the apartment, but it can hardly be disputed that the proper performance of his duties as caretaker made it a practical

necessity for him and his wife to live there.

The District Court held, in effect, (1) that since Coyner and his wife were not compelled to live on the premises in question as a condition which he had to meet in order to obtain or retain his regular employment as a park foreman, his employment, services, and salary as such being in no way affected, he was not *required* to accept such lodging as a condition of his employment and therefore, not entitled to exclude the value of it from his gross income, (2) that the free occupancy of the apartment was compensation for his presence there and "nothing more than salary in kind." We cannot agree with either of these propositions.

▪ As to the first, it seems clear that the phrase of the statute "as a condition of his employment" does not mean that the employee must have been compelled to accept the lodging as a condition imposed by the employer to the securing or retaining his employment but rather relates to a practical working necessity for the proper performance by him of his duties. This is the meaning attributed to the phrase by Regulations, Sec. 1.119–1, promulgated under Sec. 119, supra. The Regulation provides that the phrase means that the employee "be required to accept the lodging in order to enable him properly to perform the duties of his employment. Lodging will be regarded as furnished to enable the employee properly to perform the duties of his employment when, for example, the lodging is furnished because the employee is required to be available for duty at all times or because the employee could not perform the services required of him unless he is furnished such lodging." Apparently, this Regulation was not called to the attention of the learned judge of the District Court since he did not allude to it in his opinion. Obviously, Coyner could hardly act with any sort of efficiency as caretaker of a building constantly in use by various groups of people, unless he or his wife was always there.

▪ As to the second, the same Regulation provides that "the exclusion shall apply irrespective of whether a charge is made, or whether, under an employment contract or statute fixing the terms of employment such lodging is furnished as compensation." The appellee argues that the exclusion from gross income of meals and lodging furnished as a condition of employment applies only to cases in which meals and lodging represent *additional* compensation to the employee and that in the present case Coyner's rent-free occupancy of the apartment was not additional compensation but actually the entire and sole compensation for his job of caretaker. It is true that the work of caretaker of the King building was entirely different and apart from his duties as park foreman. However, if a name or characterization must be given to the position, then that designation could more properly be "park foreman-caretaker." The City of Pittsburgh never permitted persons other than employees selected from its payrolls to occupy the apartment and perform such duties. It was not a separate job although additional duties were assumed, and the apartment was additional compensation for additional duties added to Coyner's employment as park foreman.

Moreover, this argument seems to have been based largely upon a statement contained in Mertens Law of Federal Income Taxation and a sentence in the report of the House Ways and Means Committee, both of which speak of the exclusion as being allowed notwithstanding the fact that the meals and lodging represent "additional" compensation.

However, the whole import of the Regulation is merely that the employment contract shall not be determinative of whether the lodging is intended as compensation and there is no hint that the Commissioner, in drafting the Regulation, had in mind any distinction between partial or additional compensation and entire or total compensation. Moreover, in the view we take of this case, there is no question of the occupancy of the apartment being Mr. Coyner's sole com-

pensation for work performed under his employment with the City of Pittsburgh. He continued to perform his duties as park foreman and caretaker and received a salary, plus the occupancy of the apartment.

Nor was it solely compensation since, as pointed out above, Mr. Coyner's occupancy of the apartment was not simply for his convenience and benefit but was of distinct benefit to the City and, therefore, "for the convenience of the employer" within the terms of the statute. His presence was required to prevent vandalism, he performed certain janitorial services, and he or his wife was always present to admit persons entitled to use the facilities and to lock up the building at night. The fact that all of this could have been done by hiring janitors and full time guards is immaterial. The City, for obvious reasons, chose the most practical and economical way of having the property taken care of.

The judgment below will be reversed.